IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown, : 
         Petitioner : 
          : 
         v. : 
          : 
Prothonotary Joy Schury Ranko : 
of the Twenty-Seventh Judicial : 
District of Pennsylvania, :   No. 277 M.D. 2018
         Respondent :   Submitted: August 12, 2022


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                        FILED: December 1, 2022


      Before the Court is Alton D. Brown's (Petitioner) Application for Special Relief seeking peremptory judgment pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1532 (Application). After review, this Court denies the Application.

      On October 2, 2017, Petitioner filed a Complaint against Washington Health Systems and a Petition to Proceed In Forma Pauperis (IFP Petition) with the Washington County Common Pleas Court Prothonotary Phyllis Rank Matheny (Respondent).[1] Having received no response therefrom, by November 5, 2017 letter

---

[1] In her Answer and New Matter to the Petition for Review, Respondent declared:

> Petitioner names as Respondent "Prothonotary Phyllis Rank Matheny of the [27th] Judicial District of Pennsylvania[.]" The correct spelling of Ms. Matheny's name is Phyllis Ranko Matheny and she has not served as Prothonotary since 2015. Joy Schury Ranko has served as Prothonotary of Washington County after being duly elected in the general election of November 2015[,] and taking

addressed to Respondent, Petitioner requested case information.[2] By November 29, 2017 letter, Respondent replied "it is in the Judge's office for review." Petition for Review (Petition) ¶5. By December 4, 2017 letter, Petitioner submitted a Praecipe to Reinstate Complaint, and requested that Respondent assign a case number and forward same to Petitioner with a copy of the docket sheet and the assigned judge's name. Because Petitioner did not receive a response, on February 1, 2018, he again contacted Respondent requesting a copy of the court docket and case information. Petitioner still did not receive a response.

On April 17, 2018, Petitioner filed the Petition in this Court's original jurisdiction, alleging therein that Respondent violated his constitutional right to access the courts, and seeking injunctive and declaratory relief, plus damages. On May 22, 2018, Respondent sent a "MEMORANDUM" to Petitioner stating:

> I AM RESPONDING TO YOUR [PETITION] THAT WAS FORWARDED TO OUR OFFICE FOR FILING. WE SPOKE TO THE JUDGE[']S OFFICE ABOUT YOUR [INITIAL] FILINGS THAT WAS [SIC] SENT TO US ON OCTOBER 2, 2017[,] AND FORWARDED TO THE JUDGE[']S OFFICE FOR APPROVAL: UNFORTUNATELY[,] THE FILINGS THAT WE FORWARDED TO THE JUDGE[']S OFFICE HAS [SIC] BEEN MISPLACED BY THEM [SIC] AND CANNOT BE LOCATED. THEREFORE, WE ARE REQUESTING THAT YOU RESUBMIT YOUR PAPERWORK TO THE PROTHONOTARY'S OFFICE SO THAT IT CAN AGAIN BE TAKEN TO THE JUDGE[']S OFFICE FOR APPROVAL OF YOUR IN[ ]FORMA PAUPERIS REQUEST.

Answer and New Matter at Ex. 2.

---

the oath of office January 4, 2016[,] and therefore should be substituted as the Respondent of record in this matter.

Answer and New Matter ¶3. This Court grants the request to substitute Joy Schury Ranko for Phyllis Ranko Matheny as the Respondent Prothonotary. The caption has been changed to reflect the substitution.

[2] On October 27, 2017, the two-year statute of limitations expired on Petitioner's action. *See* Petition ¶10.

2

On July 24, 2018, Respondent filed her Answer and New Matter. Therein, Respondent declared, among other things, that no docket exists because Petitioner's Complaint and IFP Petition were mistakenly not docketed before being forwarded to President Judge Katherine B. Emery's (President Judge) chambers, where they were subsequently lost by the President Judge's staff. *See* Answer and New Matter ¶11. Respondent further averred, *inter alia*: (1) Petitioner failed to set forth a claim upon which relief can be granted; and (2) Petitioner failed to file his Petition within the six-month statute of limitations set forth in Section 5522 of the Judicial Code.[3] *See* Answer and New Matter ¶24-25.

On August 20, 2021, this Court filed a Rule to Show Cause why the Petition should not be dismissed for want of prosecution (Rule to Show Cause) against Petitioner. On September 23, 2021, Petitioner filed an Answer to the Rule to Show Cause, therein explaining that serious health issues caused his delay; however, he intended to file dispositive motions. By September 28, 2021 Order, this Court discharged its Rule to Show Cause.

On November 1, 2021, Petitioner filed the Application, alleging that his right to relief is clear and no material issues of fact are in dispute. By November 5, 2021 Order, this Court directed that Petitioner serve the Application on Respondent's counsel. By February 1, 2022 Order, this Court directed that the Application be submitted on briefs. Both parties filed briefs. The Application is now ripe for review.

Initially,

> [t]o obtain peremptory judgment, in addition to showing the elements for mandamus relief, the moving party must show that on the facts of record, and those facts that may be developed at trial, the right to judgment is clear.

---

[3] 42 Pa.C.S. § 5522.

> Further, this Court must examine the existing and potential record in the light most favorable to the non-moving party.

*Scarnati v. Dep't of Env't Prot.*, 220 A.3d 723, 730 n.10 (Pa. Cmwlth. 2019), *aff'd*, 240 A.3d 536 (Pa. 2020) (citation omitted).

> An application for summary relief filed under [Rule] 1532(b) is generally the same as a motion for peremptory judgment filed in a mandamus action in the common pleas court. **The application** will be granted where the right to such relief is clear, but **will be denied where there are material issues of fact in dispute** or if it is not clear the applicant is entitled to judgment as a matter of law.

*Dep't of Health v. Hanes*, 78 A.3d 676, 677 n.1 (Pa. Cmwlth. 2013) (citation omitted; emphasis added).

Here, Petitioner frames his Petition as a mandamus action asking this Court to prevent Respondent "from withholding crucial case information from the Petitioner needed for prosecution of the *Washington* case[,]" and to prevent "any future misbehavior by Respondent." Petition Ad Damnum Clause. In his Application, Petitioner requests incidental damages for the injuries he incurred, namely, his case being time-barred.

Petitioner argues that the facts of this case clearly reflect that "the documents were not actually <u>lost</u>, but instead withheld in hopes that [] Petitioner [would] simply go[ ]away." Application at 4. Petitioner further contends that "[Respondent], as a public official, is liable for the negligent <u>loss</u> due to the negligence of her subordinate, where [Respondent] directed the negligent act to be done." Application at 6. Petitioner asserts that, "[i]n this matter, [] Respondent's staff acted pursuant to its unlawful practice/policy, and does not [sic] constitute negligence. However, if the Court does rule that negligence <u>was</u> involved, Respondent still would be liable for any injury Petitioner suffered as a result." Application at 6-7.

4

Respondent rejoins that Petitioner is not entitled to summary relief because there are material facts in dispute. First, Respondent maintains that whether Respondent filed the Complaint in a timely manner is a material issue of fact in dispute. Respondent asserts that because the Deputy Prothonotary, an actor and agent of Respondent, delivered the Complaint to the President Judge's law clerk, who was an actor and agent of the President Judge, and Respondent's actions were, as per previous practice/policy, the correct way to begin a filing, any subsequent loss of the Complaint was not due to Respondent's failure to act in a specific amount of time. Respondent further disputes the material facts alleged by Petitioner that the change of the Prothonotary policy was an admission that the documents were handled incorrectly, and that Respondent is at fault based on an admitted responsibility.

In his First Set of Interrogatories and Request for Production of Documents (Interrogatories), Petitioner inquired: "Please state you[r] normal practice after a civil complaint and [IFP Petition] is received in your office." Interrogatories ¶1.

In her Answer to Interrogatories, Respondent explained:

[I]n October 2017[,] (the month in which the Petitioner's [C]omplaint and [IFP Petition] were received), the practice was that upon the receipt of a complaint and a[n IFP P]etition in the [United States (]U.S.[)] [m]ail delivered to the Prothonotary's Office that came from an incarcerated plaintiff who could not physically present the [IFP P]etition in person before the judge of the term in motions court, that complaint and [IFP P]etition would be forwarded to the chamber of the judge of the term for a decision on the [IFP P]etition. Upon a ruling on the [IFP P]etition, the complaint and the [IFP P]etition were returned to the Prothonotary's Office for docketing or alternatively, someone from the staff of the Prothonotary's Office would be asked to retrieve the complaint and the [IFP P]etition from the judge's chamber for return of them

to the Prothonotary's Office for docketing. If the [IFP P]etition was granted, the complaint would be docketed without payment of any filing fee. If the [IFP P]etition was denied, the complaint would not be docketed and the incarcerated plaintiff would be informed via U.S. [m]ail of the denial of the [IFP P]etition and directed to provide the appropriate filing fee in order to have his complaint docketed. This was an established procedure that was in place prior to the current [P]rothonotary . . . taking office.

Answer to Interrogatories ¶1.

Petitioner further requested: "Identify all court staff, their functions and duties, who came into contact with Petitioner's [C]omplaint and related documents, including but not limited to[,] the person who was directly responsible for ensuring that the [C]omplaint and related documents were processed in accordance with court rules." Interrogatories ¶6.

Respondent stated:

After [the Deputy Prothonotary] delivered the Petitioner's Complaint and [IFP] Petition to [the President Judge's] law clerk, . . . it is unknown who on the court staff came in contact with the [C]omplaint and related documents, or what any such person's functions and duties were. The court staff in the [President] Judge's chamber are not employees of the Prothonotary's [O]ffice. Any inquiries regarding the actions of court staff [are] best directed to [the President] Judge [] and her staff.

Answer to Interrogatories ¶6.

Because it is unclear who was responsible for making sure Petitioner's documents were filed in a timely manner, whether the documents were handled correctly, and whether Respondent was at fault, material issues of fact remain in dispute. Based on this Court's "examin[ation of] the existing and potential record in the light most favorable to the non-moving party," *Scarnati*, 220 A.3d at 730 n.10, this Court concludes that "there are material issues of fact in dispute [and] it is not

6

clear the [Petitioner] is entitled to judgment as a matter of law." *Dep't of Health*, 78 A.3d at 677 n.1. Accordingly, this Court is constrained to deny Petitioner's Application.

For all of the above reasons, the Application is denied.


_____
ANNE E. COVEY, Judge


Judge Fizzano Cannon did not participate in the decision in this case.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown,                           :
                    Petitioner            :
                                          :
            v.                            :
                                          :
Prothonotary Joy Schury Ranko             :
of the Twenty-Seventh Judicial            :
District of Pennsylvania,                 :   No. 277 M.D. 2018
                    Respondent            :

## O R D E R

AND NOW, this 1st day of December, 2022, Alton D. Brown's Application for Special Relief is DENIED. This Court's Prothonotary is directed to change the caption on the docket in accordance with the above.

_____
ANNE E. COVEY, Judge